TERRANCE MOORE,

        Plaintiff,
 v.

OFFICER MR. PARSONS, OFFICER MR. TITUS, OFFICER MR. VARGAS, OFFICER MR. SANCHEZ, CAPTAIN MR. G. ROBLES, LT. MR. MELENDEZ, LT. MR. PRIOR, WARDEN FANEUFF and DEPUTY WARDEN MOLDEN, sued in both individual and official capacities,

        Defendants.

3:18-cv-00507 (CSH)

OCTOBER 16, 2018

## **MEMORANDUM AND ORDER**

**Haight, Senior District Judge:**

On October 15, 2018, at the parties' request [*see* Doc. 26], this Court held a status conference to discuss the progress of the case and the possibility of bifurcating pretrial proceedings to litigate the issue of whether Plaintiff properly exhausted his administrative remedies in compliance with 42 U.S.C. § 1997e before proceeding to the merits of the underlying claims and other defenses. At the status conference, the parties explained that, in the course of investigating their respective claims, they had determined that there may be a dispositive issue of whether Plaintiff had exhausted his administrative remedies prior to filing suit. They further explained that "[b]ecause a meritorious exhaustion defense could be dispositive of the entire case, the parties believe it is in the interest of justice and judicial economy to litigate that issue first and fully before expending resources on other

issues, claims, and defenses in the case." [*See Joint Motion For an Order Scheduling a Status Conference* (Doc. 26) at 2.]

The Court agrees with the parties that the interest of justice and judicial economy counsel in favor of pretrial bifurcation here. The Prison Litigation Reform Act ("PLRA") requires a plaintiff-prisoner to exhaust all administrative remedies before filing a federal lawsuit related to prison conditions–and, conversely, a plaintiff-prisoner's unexcused failure to exhaust administrative remedies warrants dismissal. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also, e.g.*, *Hock v. Thipedeau*, 245 F. Supp. 2d 451, 457 (D. Conn. 2003) (dismissing plaintiff-prisoner's case for failure to exhaust administrative remedies).[1] Because litigation of the issue of administrative exhaustion may resolve the case and render further litigation unnecessary, the Court will exercise its discretion to bifurcate the proceedings. *See Amato v. City of Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) ("[B]ifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue[.]"; *Vichare v. AMBAC, Inc.,* 106 F.3d 457, 466 (2d Cir. 1996) (holding that bifurcation may be appropriate, *inter alia*, where "where litigation of one issue may obviate the need to try another issue[.]") The Court instructs the parties to first proceed with discovery and motion practice on the issue of administrative exhaustion before addressing the other issues, claims, and defenses in the case. *See Rodriguez v. Warden, Metro. Corr. Facility*, No. 13-cv-3643, 2015 WL 857817, at *4

---

[1] Specifically, Plaintiff was required to follow the administrative processes set forth in the State of Connecticut Department of Correction Administrative Directive 9.6, entitled "Inmate Administrative Remedies." *See* STATE OF CONNECTICUT DEPARTMENT OF CORRECTION, ADMINISTRATIVE DIRECTIVE 9.6: INMATE ADMINISTRATIVE REMEDIES (2013), https://portal.ct.gov/-/media/DOC/Pdf/Ad/ad0906pdf.pdf?la=en.

(S.D.N.Y. Feb. 27, 2015) (ordering discovery on plaintiff-prisoner's administrative exhaustion prior to addressing other claims and defenses).

The parties should proceed in accordance with the following modified schedule. All discovery concerning the limited issue of Plaintiff's administrative exhaustion shall be completed by **January 22, 2018**. Defendants shall file any motion for summary judgment concerning Plaintiff's administrative exhaustion by **February 22, 2019**, and Plaintiff shall file his response to such motion by **April 19, 2019**. If so advised, Defendants shall file reply papers by **April 26, 2019**.

The foregoing is SO ORDERED.

Signed: New Haven, Connecticut
October 16, 2018

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge